**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Criminal Case No.**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**1.   JERRYCA P. CHAVEZ,**
    **aka JERRYCA BAROS,**
    **aka MISTY HETZEL,**

    **Defendant.**

---

**INDICTMENT**
**18 U.S.C. § 1343**
**18 U.S.C. § 1029(a)(2)**
**18 U.S.C. § 1029(a)(3)**
**18 U.S.C. § 1028A(a)(1)**

---

The Grand Jury charges:

**COUNTS 1-21**
**[18 U.S.C. § 1343 - Wire Fraud]**

**THE SCHEME**

1.   Beginning in or about January 2005, and continuing until in or about September of 2006, within the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ aka JERRYCA BAROS, aka MISTY HETZEL, knowingly devised and intended to devise a scheme to defraud and to obtain money and property

from various Wal-Mart stores and credit card companies by means of materially false and fraudulent pretenses, representations, and promises.

2. It was part of the scheme that:

a. During the relevant time periods, Defendant JERRYCA P. CHAVEZ resided in Englewood and Sheridan, Colorado. During the years 2004-2006, she worked at Sandwich Board, located at 4600 S. Ulster, Greenwood Village, Colorado. Through this employment and through other unknown means, Defendant CHAVEZ had access to customers' credit card information, and fraudulently obtained such information for her alleged crimes, as described below.

b. Wal-Mart Stores Inc. is a retail business establishment with stores across the United States specializing in the sale of a variety of merchandise to include groceries, electronics, small appliances, and clothing. In Colorado, Wal-Mart has 71 retail stores. Wal-Mart is present in every state and has approximately 4100 stores nationwide.

c. The Wal-Mart business uses shopping cards, a method of providing financial tender to be used for purchases within the store. Wal-Mart shopping cards are obtained within Wal-Mart stores or its subsidiaries, contain a unique account number, and then can be used for purchases within the store. These shopping cards can be funded or loaded to be used for purchases in various ways. A person desiring to fund a Wal-Mart shopping card can provide a credit card number, cash, check, transfer a balance from one shopping card to another, or the card can be loaded by a store return which is processed as

a refund.  Once funded, the shopping card can be used for future purchases at Wal-Mart, and can be funded or loaded again in the manner described above.

    d.  Defendant JERRYCA P. CHAVEZ obtained numerous Wal-Mart shopping cards and funded them by one of the methods described in Paragraph 2c.

    e.  Defendant JERRYCA P. CHAVEZ called both in and out of state Wal-Mart stores and spoke with a Wal-Mart employee.  Defendant, before calling the Wal-Mart employee, would often determine the store manager's name for use during the conversation.  Defendant provided a compelling story to the Wal-Mart employee, while using the store manager's name, to convince the employee to fund a Wal-Mart shopping card over the telephone, contrary to standard practice.  Often defendant claimed family hardship or military service involvement to convince the Wal-Mart employee to load a Wal-Mart shopping card with a credit card over the telephone.

    f.  Defendant JERRYCA P. CHAVEZ worked in a sandwich shop where customers provided credit cards to pay for food.  Defendant obtained some of the credit card numbers used in the scheme from documents kept by the business.  Defendant used the credit card numbers during the scheme without cardholders' authorization to fund Wal-Mart shopping cards by providing the credit card number and a Wal-Mart shopping card number to the Wal-Mart employee over the telephone.  Defendant requested the shopping card be funded using an unauthorized credit card number in varying amounts between $350 and $800.

g.  Defendant JERRYCA P. CHAVEZ used the Wal-Mart shopping cards funded with the fraudulently obtained credit card numbers in various Wal-Mart stores throughout the greater metropolitan Denver area to purchase groceries, electronics, household items, and large ticket merchandise.  Defendant and an associate kept the smaller purchases and returned larger priced items to Wal-Mart to obtain cash.

h.  Defendant JERRYCA P. CHAVEZ fraudulently obtained over $200,000 in Wal-Mart merchandise and cash by use of the above described scheme.

## USE OF THE WIRES

3.  On or about each of the dates set forth below, within the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ aka JERRYCA BAROS, aka MISTY HETZEL, having devised the scheme described in paragraphs 1 and 2 above, for the purpose of executing the scheme, transmitted and caused to be transmitted signals by means of wire communication in interstate commerce, to wit: interstate telephone calls from defendant in Colorado to an out of state Wal-Mart employee, as follows:

| **COUNT** | **DATE** | **USE OF WIRE** |
|---|---|---|
| 1 | 1-30-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in New York to load a Wal-Mart shopping card with $700 using an unauthorized credit card, Mastercard Account No. 5149225620006381. |
| 2 | 3-13-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Texas to load a Wal-Mart shopping card with $350 and $400 using unauthorized credit cards: Visa Account No. 4653451607240683 for $350 and Mastercard Account No. 5491130311789143 for $400. |

| | | |
|---|---|---|
| 3 | 5-1-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Missouri to load a Wal-Mart shopping card with $600 using an unauthorized credit card, Visa Account No. 4149970100754918. |
| 4 | 5-4-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Maryland to load a Wal-Mart shopping card with $750 using an unauthorized credit card, Visa Account No. 4323727185416708. |
| 5 | 5-21-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Washington to load a Wal-Mart shopping card with $800 using an unauthorized credit card, Visa Account No. 4300230022084638. |
| 6 | 5-23-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Ohio to load a Wal-Mart shopping card with $750 using an unauthorized credit card, Mastercard Account No. 5449270217009965. |
| 7 | 6-1-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Wisconsin to load a Wal-Mart shopping card with $700 using an unauthorized credit card, Visa Account No. 4323727229238902. |
| 8 | 8-4-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Nebraska to load a Wal-Mart shopping card with $750 using an unauthorized credit card, Visa Account No. 4431899022246918. |
| 9 | 8-10-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Arizona to load a Wal-Mart shopping card with $700 using an unauthorized credit card, Visa Account No. 4323727766826911. |
| 10 | 8-17-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in South Dakota to load a Wal-Mart shopping card with $750 using an unauthorized credit card, Visa Account No. 4323729988288201. |

| | | |
|---|---|---|
| 11 | 8-25-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Alaska to load a Wal-Mart shopping card with $500 using an unauthorized credit card, Visa Account No. 4452570008941301. |
| 12 | 8-28-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Arkansas to load a Wal-Mart shopping card with $600 using an unauthorized credit card, Visa Account No. 4427565010084712. |
| 13 | 8-28-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Alaska to load a Wal-Mart shopping card with $500 using an unauthorized credit card, Visa Account No. 4653459503252975. |
| 14 | 9-9-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Michigan to load a Wal-Mart shopping card with $600 using an unauthorized credit card, Visa Account No. 4323847192853501. |
| 15 | 9-11-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Nebraska to load a Wal-Mart shopping card with $750 using an unauthorized credit card, Visa Account No. 4323729565871700. |
| 16 | 9-11-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Nevada to load a Wal-Mart shopping card with $750 using an unauthorized credit card, Visa Account No. 4323727200657815. |
| 17 | 10-2-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Indiana to load a Wal-Mart shopping card with $650 using an unauthorized credit card, Visa Account No. 4323727202567004. |

| | | |
|---|---|---|
| 18 | 10-17-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Georgia to load a Wal-Mart shopping card with $550 using an unauthorized credit card, Visa Account No. 4190022888784044. |
| 19 | 10-26-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in New Mexico to load a Wal-Mart shopping card with $650 using an unauthorized credit card, Visa Account No. 4323727768450801. |
| 20 | 11-6-05 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Wisconsin to load a Wal-Mart shopping card with $750 using an unauthorized credit card, Mastercard Account No. 5178052531496871. |
| 21 | 9-27-06 | Interstate telephone call from defendant in Colorado to Wal-Mart employee in Nevada to load a Wal-Mart shopping card with $400 and $450 using unauthorized credit cards: Visa Account No. 4323729517553612 for $400 and Visa Account No. 4653459504302829 for $450. |

Each of the foregoing counts is in violation of Title 18, United States Code, Section 1343.

## COUNT 22
**[18 U.S.C. § 1029(a)(2) - Use of Unauthorized Access Devices]**

Beginning on or about March 20, 2005, and continuing until on or about May 24, 2005, in the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period; to wit: defendant obtained a Wal-Mart shopping card in Colorado, card number 6016899108041688 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart employees credit card numbers she had

y

obtained fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT 23
### [18 U.S.C. § 1029(a)(2) - Use of Unauthorized Access Devices]

Beginning on or about May 24, 2005, and continuing until on or about June 1, 2006, in the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period; to wit: defendant obtained a Wal-Mart shopping card in Colorado, card number 6016650516333618 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart credit card numbers she had obtained fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT 24
### [18 U.S.C. § 1029(a)(2) - Use of Unauthorized Access Devices]

Beginning on or about May 24, 2005, and continuing until on or about August 18, 2005, in the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period;

to wit: defendant obtained a Wal-Mart shopping card in Colorado, card number 6019427306441959 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart credit card numbers she had obtained fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT 25
### [18 U.S.C. § 1029(a)(2) - Use of Unauthorized Access Devices]

Beginning on or about February 19, 2006, and continuing until on or about April 30, 2006, in the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period; to wit:  defendant obtained a Wal-Mart shopping card in Colorado, card number 6017031446687937 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart credit card numbers she had obtained fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT 26
### [18 U.S.C. § 1029(a)(2) - Use of Unauthorized Access Devices]

Beginning on or about November 17, 2005, and continuing until on or about May 21, 2006, in the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period; to wit: defendant obtained a Wal-Mart shopping card in Colorado, card number 6019202937810902 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart credit card numbers she had obtained fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT 27
### [18 U.S.C. § 1029(a)(2) - Use of Unauthorized Access Devices]

Beginning on or about February 27, 2006, and continuing until on or about November 26, 2006, in the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period; to wit: defendant obtained a Wal-Mart shopping card in Colorado, card number 6022261247742568 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart credit card numbers she had obtained

fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT 28
## [18 U.S.C. § 1029(a)(2) - Use of Unauthorized Access Devices]

Beginning on or about December 7, 2006, and continuing until on or about January 21, 2007, in the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period; to wit: defendant obtained a Wal-Mart shopping card in Colorado, card number 6029746016261593 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart credit card numbers she had obtained fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2

## COUNT 29
## [18 U.S.C. § 1029(a)(2) - Use of Unauthorized Access Devices]

Beginning on or about January 18, 2007, and continuing until on or about May 12, 2007, in the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period;

to wit: defendant obtained a Wal-Mart shopping card in Colorado, card number 6018761627987647 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart credit card numbers she had obtained fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT 30
### [18 U.S.C. § 1029(a)(2) - Use of Unauthorized Access Devices]

Beginning on or about June 2, 2007, and continuing until on or about August 21, 2007, in the State and District of Colorado and elsewhere, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period; to wit: defendant obtained a Wal-Mart shopping card in Colorado, card number 6033896228364220 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart credit card numbers she had obtained fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT 31
### [18 U.S.C. § 1029 (a) (2) - Use of Unauthorized Access Devices]

Beginning on or about June 28, 2007, and continuing until on or about July 6, 2007, in the State and District of Colorado and elsewhere, Defendant JERRYCA P.

CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud use one or more unauthorized access devices during any one year period; to wit: defendant obtained a Wal-Mart shopping card in Colorado, card number 6019860632492549 and loaded the card by telephoning various Wal-Mart stores across the United States and provided to Wal-Mart credit card numbers she had obtained fraudulently and without authorization, and by such conduct obtained items of value aggregating $1000 or more, and the offense affected interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT 32
**[18 U.S.C. § 1029(a)(3) - Possession of Unauthorized Access Devices]**

On or about September 13, 2007, in the State and District of Colorado, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly and with the intent to defraud possess fifteen or more devices, namely, Wal-Mart shopping cards, which are unauthorized access devices, said activity affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 1029(a)(3).

## COUNT 33
**[18 U.S.C. § 1029(a)(3) - Possession of Unauthorized Access Devices]**

On or about September 13, 2007, in the State and District of Colorado, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did  knowingly and with the intent to defraud possess fifteen or more devices, namely, credit card

numbers, which are unauthorized access devices, said activity affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 1029(a)(3).

## COUNT 34
### [18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft]

Beginning on or about August 23, 2007, and continuing until on or about September 13, 2007, in the State and District of Colorado, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly possess and use, without lawful authority, a means of identification of another person; that is, a Colorado driver's license assigned to Lucille Suazo containing her social security number, during and in relation to a felony violation, to wit: Title 18, United State Code, Section 1029(a)(2) (Use of Unauthorized Access Devices); and Title 18 U.S.C. Section 1029(a)(3) (Possession of Unauthorized Access Devices); to wit: Defendant CHAVEZ possessed Lucille Suazo's Colorado driver's license and used it and other personal identifiers pertaining to Lucille Suazo to obtain an unauthorized access device, to wit: a Wal-Mart Shopping pass and a Discover Card in Lucille Suazo's name.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 35
### [18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft]

Beginning on or about August 23, 2006, and continuing until on or about September 13, 2007, in the State and District of Colorado, Defendant JERRYCA P. CHAVEZ, aka JERRYCA BAROS, aka MISTY HETZEL, did knowingly possess and

use, without lawful authority, a means of identification of another person, that is, a Colorado driver's license assigned to Jade Pastore, during and in relation to a felony violation, to wit: Title 18, United State Code, Section 1343 (wire fraud); and Title 18, United States Code, Section 1029(a)(2) (Use of Unauthorized Access Devices); and Title 18 U.S.C. Section1029(a)(3) (Possession of Unauthorized Access Devices); to wit: Defendant CHAVEZ possessed Jade Pastore's Colorado driver's license and used it during the Wal-Mart shopping card fraud scheme to obtain cash refunds and/or to reload Wal-Mart shopping cards used in the scheme.

In violation of Title 18, United States Code, Section 1028A(a)(1).

A TRUE BILL:

Ink signature on file at the Clerk's Office
FOREPERSON

DAVID M. GAOUETTE
United States Attorney

By: s/ Linda A. McMahan
LINDA A. MCMAHAN
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0403
E-mail:  linda.mcmahan@usdoj.gov
Attorney for the Government